Argued and submitted August 11, reversed and
remanded for new trial September 8, 1982

STATE OF OREGON,
*Respondent,*
*v.*
EDNA MAE SMITH,
*Appellant.*

(No. DA 207271-8101, CA A22730)

650 P2d 178

Bonnie Jean Brown, Tigard, argued the cause and filed
the brief for appellant.

Kay Kiner James, Assistant Attorney General, Salem,
argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals her conviction after jury trial for harassment. ORS 166.065.[1] She contends that the trial court erred in excluding medical records on the grounds that the evidence was irrelevant and cumulative. We reverse.

On January 29, 1981, police officers Jones and Sinnott approached defendant and her two companions shortly after receiving information that the three were engaged in a loud argument and that one of defendant's companions was armed with a pistol. The officers testified that defendant pushed and shoved Officer Jones while he was attempting to arrest her male companion for possession of a concealed weapon. The officers then arrested her for harassment. The officers testified that they did not injure defendant in the course of the arrest. Defendant denied that she pushed or shoved Officer Jones, and testified that she was physically injured by Officer Jones in effecting the arrest.

The trial court allowed defense counsel to introduce testimony from a dentist, Dr. Toney, regarding facial injuries sustained by defendant. The testimony was admitted for the limited purpose of impeaching the officers' testimony that defendant was not injured. Defendant then sought to introduce medical records from Kaiser Permanente Hospital, which contained evidence that defendant sustained injuries to her neck and shoulder areas. The trial court ruled the records inadmissible as being irrelevant and cumulative.[2]

On the assumption that the trial court's ruling that the hospital records were not relevant to the issue of defendant's guilt of harassment is correct, the records were

---

[1] ORS 166.065 provides, in part:

"(1) A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, the actor:

"(a) Subjects another to offensive physical contact;

"* * * * *"

[2] Although it is not clear from the record under what theory the hospital records were offered, the state concedes, and we agree, that the trial court must have known the records were being offered for impeachment purposes.

nevertheless admissible for impeachment purposes, for the same reason that Dr. Toney's testimony was admissible, and could only be excluded if the trial court made a proper determination that the evidence was cumulative.

■ Under former ORS 45.530 *(repealed* by Or Laws 1981, ch 892, § 98; *see* OEC, Rule 403) the court could have excluded otherwise admissible evidence, on any particular point, "when the evidence upon it is already so full as to preclude reasonable doubt." In this case, there was a dispute as to whether defendant was injured. The officers and defendant had given contradictory testimony, and their credibility was in issue. Only one other witness (Dr. Toney) had testified regarding her injuries. On this point, then, the hospital records could not have been cumulative under ORS 45.530, because the evidence was not "so full as to preclude reasonable doubt" that defendant was, in fact, injured. *See Northwestern Mutual Ins. Co. v. Peterson,* 280 Or 773, 779, 572 P2d 1023 (1977). Defendant was entitled to have the hospital records admitted as evidence for the purpose of impeaching the credibility of the two police officers.

Reversed and remanded for new trial.